UNITED STATES DISTRICT COURT

FOR THE

MIDDLE GEORGIA DISTRICT

RECEIVED
CLERK'S OFFICE

2012 JUL -9  AM 9: 40

U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

Plaintiff:                                                    )

Edward Lamar Bloodworth                      )

Vs                                                                )          Civil Case No. 5-12-CV-020

Defendants:                                                )    **RESPONSE TO MOTION TO DISMISS**

United States Department of Justice, et al  )

1.

Plaintiff filed a Constitutional Rights Violations Claim on January 17, 2012 in this Court. The Court while exercising Judicial Experience recognized this claim a being a 42 U.S.C. 1983 claim, though not expressly referenced by the Plaintiff. The Court is fully aware that Plaintiff is acting Pro Se in this matter. Accordingly, pursuant to 8(F)28 U.S.C. all pleadings are construed as to do Substantial Justice, Burt vs City of New York 2 CIR,(1946) 156 F 2d, 971. Accordingly a complaint will not be dismissed for INSUFFICIENCY

2.

Pursuant to John Edward Crockard vs Saturday Evening Post Magazine of Philadelphia, PA (1956) Fr Serv 29, 19 F.R.D. 511, DCED Pa 19(1958) . A complaint will not be dismissed for failure to state a claim, even though inartistically drawn and lacking in allegations of essential facts. It cannot be said that under no circumstances can a Plaintiff recover, particularly a Pro Se Plaintiff.

3.

As to the filing of an Administrative Claim, Plaintifff asserts ,with good reason, that he has no confidence in any Federal Agency to police itself or to perform in any competent manner whatsoever even though that process may form a prerequisite to a Federal Lawsuit.

4

The Declarations of Steven Brodsky and Frank Levi smack of government double talk and do not and cannot form a fruitful response to a claim in the eyes of the Plaintiff. Other claims filed with these agencies are met with irresponsibility, delays, lack of communications and severe conflicts.

5.

As to failure to initiate Service of Process on Government employees, those who should be served as is the case with Settles, Settles has hid his identity from those seeking his commander, his ID number, his first and last name. Maybe the US attorney can be of assistance in identifying those government employees who hide their identity while committing crimes. John Morton Washington, D.C. letter is enclosed for the Courts evaluation.

6.

As to Bivens, other Federal Courts at the Court of Appeals level have found that a lack of filing under Bivens does not preclude a Plaintiff from prevailing under 42 U.S.C. 1983. Accordingly a Bivens claim or lack thereof is not binding to the eventual success or failure in a Constitutional Claim before this Court. The Supreme Court has yet to clarify this issue.

7.

The US Attorney's statements that Plaintiff claim does not state a single law that has been broken by the Federal Defendants is to trivialize Plaintiff's original Constitutional Claim. These statements are also in direct conflict with the findings, writings, investigations, associations and personal encounters of Jacquelin Stevens, with those actors in the Atlanta, Georgia Jurisdiction. Jacqueline Stevens is a Professor of Political Science and Law at Northwestern University. Her findings and currently active investigations are herein included.

ARGUMENT

The US Attorney claims that Plaintiff's wife is not a party here. This is true and this Court has already ruled as to Plaintiff's wife's standing. Plaintiff's wife is not a party, so why does the US Attorney offer any reference to criminal history of someone who is not a party here. Since the US Attorney has referenced Plaintiff's wife Plaintiff is compelled to reply even though this is irrelevant to this proceeding. The US Attorney might have a criminal record or the Plaintiff might have a criminal record, but that is not the issue before this Court. The record shows that Dae Eek Cho's Notice to Appear, DHS's charging document in Immigration law, makes no mention of criminal activity whatsoever.Therefore it is an effectively without merit reference made by the US Attorney. The Plaintiff insists that it is the Atlanta Immigration Court, DHS, ICE, EOIR and DOJ with the real criminal histories. The facts form the basis for a looming Twenty Million Dollar claim against ICE renegades for illegally detaining Plaintiff's wife for one year while she fought stage three infiltrating ductal carcinoma. When and if the

Government will ever complete its own internal investigation this claim will be filed immediately.

The US Attorney either has incorrect information in her assertions or is deliberately is attempting to deceive this Court in the followig examples.

Example 1.  Claim Cassidy recused himself because Plaintiff's attorney withdraws. Competent Judges do not recuse themselves because attorneys withdraw, particularly two weeks after receiving notice of a Federal Lawsuit. Cassidy was removed and replaced because he made false statements in open court about death threats and assaults. Cassidy made those not only to a court observer but to three lawyers sent their by Plaintiff. Those fales statements resulted in those lawyers withdrawing after Plaintiff had already paid fifteen thousand dollars in retainers. Cassidy has a history of recklessness in that he deported Mark Lyttle, a US citizen earlier. Cassidy did not recuse himself after this incident though Mark Lyttle filed a multimillion dollar claim in this matter. Further more Cassiy granted an expedited hearing motion on February 1, 2012 in which he declared he will set at a future date. Cassidy also supposedly recused himself on February 1, 2012. The only explanation to this is that Cassidy was later removed and replaced by Pellettier at which time Cassidy backdated the so called recusal for February 1, 2012. For the US Attorney to ask this Court to believe that Cassidy recused himself on his own is an insult to this Court' intelligence.

Example 2.  Claim that Immigration Court is not required to allow access to the spouse of a Respondent. A 601 application has a provision, provided a 585.00 fee is already collected, that a spouse can assert an extreme hardship should Respondent be denied a visa. In order to prevail a spouse must present overwhelming evidence of exteme hardship before a Court and must give convincing testimony as to the nature and severity of this hardship. The Government cannot confiscate Plaintiff's money in form of a fee only to deny access to Plaintiff to present evidence. This is the exact situation that Plaintiff experienced in 2011.The 601 fee receipt and the 601 guidelines are included for the Court's evaluation.

Example 3.  Plaintiff assertions that Felicia Skinner ordered Immigration Court to deny Plaintiff access are speculative and unsupported. Plaintiff had telephone conversation with Dan Jones an ICE supervisor on May 15 2011 at about 3:30 PM in which Dan Jones made this statement to Plaintiff and I quote " Felicia Skinner has documents on her  desk as to the complaints of misconduct by ICE and Plaintiff's involvement in this matter a decision will be forthcoming." A decision was made by Felicia Skinner and that decision was to deny Plaintiff access to the court. A decision that was enforced on May 25,2011 and six other occasions as well. Except that Plaintiff filed a lawsuit in this Court this order would have continually be enforced.

## CONCLUSION

The Plaintiff believes he has presented information to this Court sufficient enough for this Court to reasonably believe that the Federal Defendants in this case have participated in unlawful actions. The law breaking has been asserted during Plaintiff's year long encounter with those actors and it continues today. Federal appeals Court Judge Damon Keith found in 2010 that these actors had a history of lawbreaking and denying persons, who had a legal right to be in Immigration Court, access to Immigration Court. This is not Plaintiff's opinion it is the opinion of a Judge who has many years of experience with Constitutional Issues. This Judge effectively called it a culture of corruption. The Federal Defendants are attempting to dissmiss this case without ever being required to Answer Plaintiff's claims. After all Defendants cannot deny a Federal Judge's opinion and cannot deny that they unlawfully denied access to the spouse who had a legal right to be there, access to the court on six different occasions. Plaintiff's allegations that Immigration Court EOIR, DOJ and ICE have acted incompetently in this matter cannot be denied, after all ten court hearings that effectively wasted government resources and Plaintiff's resources cannot be denied. These federal agencies have history of denying lawful access to Immigration Court that cannot be denied.

Plaintiff further restates Example 1, Example 2, and Example 3 contained in this response and continues to assert that in the very least, the US Attorney has given ill informed statements to this Court.The Plaintiff insists he has effectively rebuffed the Defendants Motion To Dismiss. Therefore the Plaintiff respectfully requests that the Defendants Motion To Dismiss be denied.

| | |
|---|---|
| **United States Attorney** | *Edward Lamar Bloodworth* (signature)<br>**Edward Lamar Bloodworth** |
| P.O. Box 2568 | P.O. Box 27193 |
| Columbus, Georgia 31902-2568 | Macon, Georgia 31221 |
| | Tele: 770-309-8221 |

## CERTIFICATE OF SERVICE

This is to certify that I have on this July 7, 2012 mailed a true and accurate copy of this document to the United States Attorney whose address is listed below by depositing same with the United States Postal Service with sufficient postage to ensure delivery.

United States Attorney

P.O. Box 2568

Columbus, Georgia 31902-2568

Edward Lamar Bloodworth

P.O. Box 27193

Macon, Georgia 31221

*Edward Lamar Bloodworth*
Edward Lamar Bloodworth